IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BRUCE FRYER, an individual<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>PROTOHIT, INC.,<br><br>　　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND<br><br>Case No. 2:12-cv-00529-BCW<br><br>Magistrate Judge Brooke Wells |

Before the Court is Plaintiff's Motion to Remand to State Court.[1] Defendant ProtoHIT, Inc. filed a Response to the Motion on July 19, 2012, and although unnecessary, as of the date of this decision, Plaintiff has elected to not file a Reply. As set forth more fully below, the Court DENIES the Motion.

## I.　　BACKGROUND

Plaintiff filed an Amended Complaint on April 26, 2012 against Defendant, ProtoHIT, Inc. in the Third District Court in Summit County, Utah. Plaintiff brought claims for unpaid wages, breach of contract, and breach of the covenant of good faith and good dealing. Plaintiff sought $60,000 in unpaid wages, $10,000 in deferred income, $24,249 in unpaid benefit time and an additional $30,000 in damages pursuant to Utah Code Ann. § 34-28-5, for a total of $124,249. In addition, within the Amended Complaint, Plaintiff also sought post-judgment interest at the rate of 10% per annum and for costs of suit and attorneys' fees pursuant to Utah Code Ann. § 34-

---

[1] Docket No. 11.

27-1.  Accordingly, pursuant to the Utah Rules of Civil Procedure, the case is plead in the Third District Court as a Tier 2 case.[2]

On June 5, 2012, Defendant removed the matter to this Court based on diversity jurisdiction.[3]  In the Notice of Removal, Defendant alleges that Plaintiff is a citizen of the state of Utah and Defendant is a citizen of Delaware and New Mexico.  One month after filing the Notice of Removal, Plaintiff filed his Motion for Remand to State Court.[4]  Within the Motion to Remand and supporting Memorandum, Plaintiff for the first time concedes that he is owed the $24,249[5] for unpaid benefit time and the $30,000 pursuant to Utah Code Ann. §34-28-5.[6]  The Plaintiff goes on to assert that minus the $24,249 and $30,000, he is only owed $70,000 and therefore the jurisdictional limit for federal diversity jurisdiction is not met.  Defendant, opposes Plaintiffs motion and asserts that "[t]his Courts' jurisdiction was properly invoked at the time of [defendant's] filing of its Notice of Removal," and Plaintiff's concessions are nothing more than an attempt to avoid litigation in federal court.[7]

---

[2] Under the current version of the Utah Rules of Civil Procedure, a Tier 2 case is a case where damages are estimated to be more than $50,000 but less than $300,000.

[3] Docket No. 2.

[4] Docket No. 11.

[5] Within the Motion for Remand, Plaintiff concedes he is owed $22,249.  However, in the Amended Complaint the amount alleged is $24,249.  The court will infer that this is just a typographical error and will view the actual amount conceded as the $24,249 figure.

[6] There appears to be some confusion as to whether in his Motion & Memorandum if Plaintiff actually conceded the $30,000 statutory penalty.  Within the Memorandum in Support of the Motion to Remand, the Plaintiff states, "[d]efendant both contests that Utah law applies to this case and specifically takes issue with Plaintiff's invocation of Utah Code Annotated §34-28-5 and the additional damages awarded under this provision.  <u>Plaintiff concedes this point</u> and notes that his total damages claim is now $70,000..." (emphasis added).  Based on this wording, the Court believes that he does concede the $30,000 and therefore any arguments regarding miscalculation are without merit.  P's Mem. in Supp. of M. to Remand at 4.

[7] D's Resp. to P's M. to Remand at 3.

## II.   DISCUSSION

A civil action is removable only if a Plaintiff could have originally brought the action in federal court.[8] In the Notice of Removal, Defendant, relying on the Amended Complaint, asserts that this Court has original diversity jurisdiction which requires complete diversity between the parties and an amount in controversy in excess of $75,000.  Here, there is no dispute that there is diversity of citizenship.  Plaintiff is a citizen of Utah, and Defendant is a citizen of Delaware and New Mexico.[9]  What is in dispute is the whether the requisite amount in controversy is enough to allow for removal to federal court.

In order to determine the amount in controversy, Courts generally rely upon the "allegations of the complaint, or whether or not dispositive, the allegations in the notice of removal."[10]  In the instant case, Plaintiff's original Complaint clearly sought more than $75,000. Thus, the amount in controversy requirement based upon the allegations contained within the Amended Complaint, was met at the time of removal.  It is only after the Notice of Removal was filed that Plaintiff conceded some of its original allegations in order to attempt to bring the amount in controversy below the $75,000 threshold.  Therefore, the question before the Court is whether Plaintiffs' concessions deprive this Court of jurisdiction.

This is issue has already been decided by this Court in a case with very similar facts to the present case.  In <u>Sell v. Hertz Corporation</u>,[11] a plaintiff amended his Complaint by removing

---

[8] See 28 U.S.C. §1441(a).

[9] 28 U.S.C. §1332(a), see also id. §1332(c)(1)(stating that a corporation is a citizen of the state where it is incorporated and the state where its principal place of business is located).

[10] Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995).

[11] No. 2:09-cv-147-TS, 2009 WL 2998983 (D. Utah September 18, 2009).

3

claims for punitive damages, thereby reducing the amount in controversy to below $75,000.[12] In denying a Motion for Remand, Chief Judge Ted Stewart, citing U.S. Supreme Court precedent and its progeny stated that "…it is well settled that once the district court's diversity jurisdiction attaches *at the time of removal*, a plaintiff may not subsequently divest the court of jurisdiction and force remand to state court by reducing the amount in controversy."[13] Therefore, as in Sell, the Court finds that the Defendant properly relied upon the specific amount in controversy that was specifically set forth in the Plaintiff's Complaint in filing its Notice of Removal. Although the Plaintiff has now conceded damage amounts, the Court had diversity jurisdiction at the time of removal and therefore, as stated in Sell, "[p]laintiff's later amendment which reduced the amount in controversy does not destroy the Court's jurisdiction."[14]

### III. ORDER

For the foregoing reasons, it is therefore ORDERED that Plaintiff's Motion to Remand to State Court[15] is HEREBY DENIED.

DATED this 10th day of August, 2012.

Brooke C. Wells
United States Magistrate Judge

---

[12] Id. at *1.

[13] Id. (emphasis added)

[14] Id.

[15] Docket No. 11.